UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

UPPER ECHELON ENTERTAINMENT LLC, AQUIL
HILLS, AZARIAH YEMMA, and HASAN STEPHENS,

                               Plaintiffs,

                                                                5:22-cv-659 (BKS/ML)

v.

THE STATE OF NEW YORK, NEW YORK
DEPARTMENT OF AGRICULTURE AND MARKETS,
THE NEW YORK STATE FAIR, and JOHN DOES 1–10,

                               Defendants.

---

**Appearances:**

*For Plaintiffs:*
Paul Verner
Verner Simon
30 Wall Street
8th Floor
New York, New York 10005

*For Defendants State of New York, New York
Department of Agriculture and Markets,
and New York State Fair:*
Letitia James
Attorney General of the State of New York
Aimee Cowan
Timothy P. Mulvey
Assistant Attorneys General, of Counsel
300 South State Street, Suite 300
Syracuse, New York 13202

**Hon. Brenda K. Sannes, Chief United States District Judge:**

                                            **ORDER OF REMAND**

       Defendants State of New York, New York Department of Agriculture and Markets, and New York State Fair removed this action from the New York Court of Claims on June 21, 2022, asserting that this Court had subject-matter jurisdiction under 28 U.S.C. § 1331. (Dkt. No. 1.)

Plaintiffs Upper Echelon Entertainment LLC, Aquil Hills, Azariah Yemma, and Hasan Stephens filed an amended complaint on August 26, 2022. (Dkt. No. 16.) On September 9, 2022, Defendants State of New York, New York Department of Agriculture and Markets, and New York State Fair moved to dismiss the first amended complaint. (Dkt. No. 20.) On May 30, 2023, the Court granted the motion but granted Plaintiffs leave to amend certain claims. *See Upper Echelon Ent. LLC v. New York*, No. 22-cv-659, 2023 WL 3722012, at *8, 2023 U.S. Dist. LEXIS 93365, at *19–21 (N.D.N.Y. May 30, 2023). Plaintiffs submitted a redlined version of a proposed second amended complaint on August 18, 2023. (Dkt. No. 38-1.) On October 2, 2023, the parties appeared at a telephone conference to discuss the status of the case. Following that conference, the Court directed Plaintiffs to submit a clean version of the second amended complaint. (Dkt. No. 43.)

As Defendants note, the version of the second amended complaint that Plaintiffs filed is incomplete. (Dkt. No. 45.) It includes a comment, highlighted in yellow, "I will finish the contract Count after conferring further with clients," and includes blank paragraph numbers in the breach of covenant of good faith and fair dealing count. (Dkt. No. 44-1, ¶¶ 31, 36–39.)

"[T]he [C]ourt sua sponte, at any stage of the proceedings, may raise the question of whether the [C]ourt has subject matter jurisdiction." *United Food & Com. Workers Union v. CenterMark Props. Meriden Square, Inc.*, 30 F.3d 298, 301 (2d Cir. 1994). "A federal court 'shall' remand a case '[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction.'" *Endico v. Endico*, No. 19-cv-7231, 2023 WL 3386505, at *5, 2023 U.S. Dist. LEXIS 83212, at *13 (S.D.N.Y. May 11, 2023) (alteration in original) (quoting 28 U.S.C. § 1447(c)); *see also Manzer v. Pride Mobility Prod. Corp.*, No. 21-cv-577, 2021 WL 2403113, at *1, 2021 U.S. Dist. LEXIS 109625, at *3 (N.D.N.Y. June 11, 2021) ("In the absence

of subject matter jurisdiction, the Court must remand th[e] matter . . . ."). The incomplete portions of the second amended complaint are in the state-law claims for breach of contract and breach of the implied covenant of good faith and fair dealing. As set forth in the Court's August 18, 2023 Text Order, the Court lacks subject-matter jurisdiction under either 28 U.S.C. § 1331 or 28 U.S.C. § 1332 over the state-law claims in the second amended complaint, and the Court declines to exercise supplemental jurisdiction under 28 U.S.C. § 1367. Accordingly, the Court must remand this matter to the New York Court of Claims and let that court address the issues presented by Plaintiffs' incomplete submission.

Accordingly, it is hereby

**ORDERED** that this case is remanded to the New York Court of Claims, Claim No. 137845; and it is further

**ORDERED** that the Clerk shall mail a certified copy of this Order of Remand to the clerk of the New York Court of Claims.

**IT IS SO ORDERED.**

Dated: October 5, 2023
       Syracuse, New York

Brenda K. Sannes
Chief U.S. District Judge